## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | | |
|---|---|---|
| HOPE DEVIVO, on behalf of herself And all other similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 8:20-cv-872 |
| ADAMS HOMES OF NORTHWEST FLORIDA, INC. and BRYAN ADAMS | ) ) ) | |
| Defendants. | ) ) ) | |

## DEFENDANTS' NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants ADAMS HOMES OF NORTHWEST FLORIDA, INC. and BRYAN ADAMS. (hereinafter "Defendants"), remove this action from the Circuit Court for the Sixth Judicial Circuit, in and for Pasco County, Florida to the United States District Court for the Middle District of Florida, Tampa Division. As grounds for removal and for no other purpose, Defendants state:

1. On or about March 17, 2020, Plaintiff HOPE DEVIVO ("Plaintiff") commenced an action in the Circuit Court for the Sixth Judicial Circuit, in and for Pasco County, Florida, captioned *HOPE DEVIVO v. ADAMS HOMES OF NORTHWEST FLORIDA, INC. and BRYAN ADAMS*, Case No. 2020-CA-754 (the "State Court Action").

2. Defendants were served with the Summons and Complaint in the State Court Action on March 30, 2020.

3. Defendants are filing this Notice of Removal within thirty (30) days after service of the Summons and Complaint. The date on or before which Defendants are required by law to

remove this action is April 29, 2020.  Therefore, this Notice of Removal is timely filed under the provisions of 28 U.S.C. § 1446(b).

4.      The Circuit Court for the Sixth Judicial Circuit, in and for Pasco County, Florida is located within the Middle District of Florida.  Local Rule 1.02(b)(4).  Thus, venue is proper in this Court because it is the "district and division embracing the place where such [state court] action is pending."  28 U.S.C. §1441(a).

5.      In accordance with 28 U.S.C. §1446(a) and Local Rule 4.02(b), a copy of the entire court file in the State Court Action, including all pleadings and papers that have been filed and served on Defendants in the State Court Action, is attached to this Notice as <u>Exhibit A</u>.  Plaintiff has not served upon Defendants any other process, pleadings, or orders.

6.      Promptly upon filing this Notice of Removal, Defendants will give written notice to Plaintiff's counsel and will file a copy of this Notice of Removal with the Circuit Court for the Sixth Judicial Circuit in and for Pasco County, Florida, as required by 28 U.S.C. §1446(d).  Attached to this Notice as <u>Exhibit B</u> is a copy of the Notice of Defendants' Notice of Removal to Federal Court which is being filed in the Circuit Court for the Sixth Judicial Circuit in and for Pasco County, Florida.

**This Court Has Original Federal Question Jurisdiction
Over Plaintiff's Complaint**

7.      This Court has original jurisdiction over Plaintiff's Complaint because it alleges violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 203(r), 203(s), 207 and 216(b), *et seq*.  Pursuant to 28 U.S.C. § 1441(a), "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the Defendants or the Defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

2

**This Court Has Supplemental Jurisdiction**
**Over Plaintiff's Complaint**

8.      Furthermore, this Court should exercise supplemental jurisdiction over Plaintiff's remaining claim alleging a count in violation of the Florida Minimum Wage, Florida Statutes § 441.109 and § 24, Art. X of the Constitution of the State of Florida.  Pursuant to 28 U.S.C. § 1367(a), "… in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  While the elements of Plaintiff's federal claim and state law claim are certainly not identical, all of Plaintiff's claims involve the same facts, occurrences, witnesses, and evidence, and thus, are so related that they form part of the same case or controversy under Article III of the U.S. Constitution.  This commonality is sufficient to satisfy the constitutional minimum required by § 1367(a). *See, e.g.*, *Palmer v. Hosp. Auth. of Randolph City*, 22 F.3d 1559, 1566 (11th Cir. 1994).

WHEREFORE, Defendants hereby give notice pursuant to 28 U.S.C. § 1446 of the removal of this action from the Circuit Court for the Sixth Judicial Circuit in and for Pasco County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division, and request that all further proceedings be conducted in this Court as provided by law.

Date: April 15, 2020.            **FISHER & PHILLIPS, LLP**

**/s/Andrew Froman**
Andrew Froman, Esq.
Florida Bar No.: 019429
afroman@fisherphillips.com
Brett P. Owens, Esq.
Florida Bar No.: 0112677
bowens@fisherphillips.com
FISHER & PHILLIPS LLP
101 E. Kennedy Blvd., Suite 2350

3

Tampa, FL 33602
Telephone: (813) 769-7500
Facsimile: (813) 769-7501

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2020 I electronically filed the foregoing with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or via electronic mail.

William Sheslow, Esq.
Thomas J. Jerla, Esq.
Whittel & Melton, LLC
11020 Northcliffe Blvd
Spring Hill, FL 34608
will@thefllawfirm.com
tjerla@thefllawfirm.com
jwalsh@thefllawfirm.com
pls@thefllawfirm.com

*Attorneys for Plaintiff*

**/s/Andrew Froman**
Attorney

FP 37572511.1