IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA
CIVIL DIVISION

**HOPE DEVIVO, on behalf of herself**
**and all others similarly situated,**

       **Plaintiffs,**

v.                           **CASE NO.:**

**ADAMS HOMES OF NORTHWEST**
**FLORIDA, INC., and BRYAN ADAMS,**

       **Defendants.**

_____/

**WAGE THEFT COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

Plaintiff, HOPE DEVIVO ("Plaintiff"), on behalf of herself and others similarly

situated, hereby sues the Defendants, ADAMS HOMES OF NORTHWEST FLORIDA, INC.

and BRYAN ADAMS ("Defendants") and alleges as follows:

**JURISDICTION, VENUE AND PARTIES**

1.    This is an action for damages in excess of Fifteen Thousand Dollars

($15,000.00), exclusive of interest and costs.

2.    Venue is proper within Pasco County because a substantial part of the events

giving rise to this claim arose here.

3.    At all times material, Plaintiff was a resident of Pasco County, Florida.

4.    At all times material, Defendant, ADAMS HOMES OF NORTHWEST

FLORIDA, INC. ("Adams Homes") was/is a Florida Profit Corporation authorized to conduct

business in the State of Florida, with a principal place of business at 3000 Gulf Breeze

Parkway, Gulf Breeze, FL 32563.

5.     At all times material, Defendant, Bryan Adams ("Adams"), is/was a resident and citizen of Florida.

## GENERAL ALLEGATIONS

6.     Defendant, Adams Homes, is a residential home builder that builds single family homes and develops large residential neighborhoods throughout Florida, Georgia, Alabama, Mississippi, Tennessee, South Carolina and North Carolina.

7.     Defendant Adams is the owner and President of Adams Homes.   In that position, Adams exercises significant control over the company's operations, has the power to hire and fire employees, the power to determine salaries and commissions, the responsibility to maintain employment records and has operational control over significant aspects of the company's day-to-day functions.

8.     Plaintiff was employed by Defendants from October 2018 to April 2019 as a real estate sales agent at its model home center in Defendant's Greenside Village development at 114433 Potternton Circle, Hudson, FL 34667.

9.     Defendants are an employer as defined by the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b), *et seq*. ("FLSA").

10.     At all material times, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

11.     During at least one of the relevant years, Defendants had an annual dollar volume of sales or business of at least $500,000.

12.     Plaintiff was an employee of Defendants under the FLSA.

2

13.     While employed by Defendants, Plaintiff engaged in commerce or in the production of goods for commerce.

14.     Defendants failed to comply with the FLSA because Plaintiff regularly required to work in excess of forty (40) hours a workweek but was not paid overtime compensation as required by the FLSA.

15.     Defendants failed to keep accurate time records as required by the FLSA. Accordingly, Plaintiff is required to provide only a reasonable approximation of the number of overtime hours worked for which compensation is owed, which is presumed correct. The burden then shifts to the Defendants to overcome this presumption. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946).

16.     Defendants' violations of the FLSA were knowing, willful and in reckless disregard of the rights of Plaintiff and all other similarly situated.

17.     Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

## COUNT I
## OVERTIME – FLSA

18.     Plaintiff hereby incorporate by reference the allegations contained in Paragraphs 1 to 17 as if fully restated herein.

19.     During the three (3) year period prior to filing this action, Defendant failed to pay Plaintiff overtime compensation for hours worked over forty (40) in a workweek.

20.     Defendant's failure to pay Plaintiff overtime compensation for hours worked over forty (40) in any workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

21.     Defendant failed to pay Plaintiff overtime because it misclassified Plaintiff as

3

an independent contractor.

22.     Plaintiff did not have the ability to negotiate or set her own work schedule. Defendant mandated the days and hours Plaintiff was to work.  Furthermore, Plaintiff was required to work additional hours of overtime in the event other staff was not available to provide sales service at Plaintiff's assigned work station, in this case a model home owned and operated by Defendant.

23.     Plaintiff did not establish or negotiate her duties or productivity level. Defendant mandated Plaintiff sell at least two homes per month.  Furthermore, Plaintiff was subject to discipline in the event she failed to meet rigid sales quotas.

24.     Plaintiff did not have the ability or authority to formulate, affect, interpret, or implement management policies or operating practices.  Ms. DeVivo did not have the discretion or authority to waive or deviate from established policies or procedures without prior approval.

25.     Plaintiff did not have the ability to negotiate contracts, reduce the price of an Adams Home, she could not include amenities or other items without first contacting a supervisor for guidance and approval.

26.     Plaintiff was required to travel to other model homes operated by the Defendants and was not compensated for her time or travel.  Plaintiff was unable to decline assignments at other model homes owned and operated by the Defendants.

27.     Plaintiff did not have the ability to provide professional sales services to other employers or businesses.  Plaintiff was bound to exclusively provide sales services for

4

Defendant.

28.     Plaintiff was provided the tools necessary to perform the basic functions of her job, specifically, office space, marketing material, office supplies and dues paid by the Defendant to the Association of Realtors, paid on behalf of the Plaintiff.

29.     Defendants' violations of the FLSA were knowing, willful and in reckless disregard of the rights of Plaintiffs and all other similarly situated.

## COUNT II
## FLORIDA MINIMUM WAGE

30.     Plaintiff hereby incorporate by reference the allegations contained in Paragraphs 1 to 29 as if fully restated herein.

31.     Defendants failed to pay Plaintiff and other similarly situated employees the Florida Minimum Wage ("FMW") for all hours worked in violation of the FMW prior to the filing of this civil action.

32.     Defendants' violations of the FMW were knowing, willful and in reckless disregard of the rights of Plaintiff and all other similarly situated.

33.     Plaintiff and other similarly situated employees were damaged by Defendants' failure to pay them the FMW during the five years prior to the filing of this civil action.

34.     Count II is brought under the FMW as a class action to recover unpaid minimum wages owed to Plaintiff and all others similarly situated who are or were employed by Defendants who were denied minimum wage.

**WHEREFORE**, Plaintiffs respectfully request this Court issue an Order entering judgment in favor of Plaintiff and against Defendant, jointly and severally, awarding damages in the amount of the unpaid overtime compensation owed, awarding liquidated damages

pursuant to 29 U.S.C. § 216(b), awarding reasonable attorneys' fees and costs pursuant to 29

U.S.C. § 216(b), and awarding all such other relief as the Court deems just and appropriate.

## JURY TRIAL DEMAND

Plaintiffs demand trial by jury as to all issues.

**DATED** this 17th day of March 2020.

Respectfully submitted,

**WHITTEL & MELTON, LLC**
*/s/ William Sheslow*
William Sheslow, Esq.
Florida Bar No.: 92042
Thomas J. Jerla, Esq.
Florida Bar No.: 570958
11020 Northcliffe Blvd
Spring Hill, FL 34608
Telephone: (352) 683-2016
Facsimile: (352) 556-4839
Service Email:
Pleadings@theFLlawfirm.com
will@theFLlawfirm.com
tjerla@theFLlawfirm.com
Jwalsh@thefllawfirm.com
pls@thefllawfirm.com
*Attorneys for Plaintiff*